## CINCINNATI STREET RY CO v REILLY

Ohio Appeals, 1st Dist, Hamilton Co

Decided December 8, 1930

Leo J. Brumleve, Jr., Cincinnati, for plaintiff in error.

Kunkel & Kunkel, Cincinnati, for defendant in error.

ROSS, J.

The court charged upon the doctrine of last clear chance. This, it is claimed by plaintiff in error was error. If the plaintiff and her sister be believed, she was guilty of continuing contributory negligence, and the doctrine is inapplicable. See **Master v Von Lehmden et al.,** decision by this court April 21, 1930; **Cleveland Ry Co v Wendt, 120 Oh St 197.**

If, however, we ignore her testimony and evidence, and accept the defendant's witnesses as giving a correct account of what happened, then we have a simple case of negligence, the defendant should have known of plaintiff's position and was guilty of a failure to exercise due care—negligence; the plaintiff should have known that the

car would swing around and strike her and failed to exercise care for her own safety which would present a case of contributory negligence at best.

One cannot stand in the street and remain wholly oblivious to the many potential factors of danger without subjecting himself to a charge of failure to exercise the care which a reasonably prudent person would exercise when so situated.

We quote from **Cleveland Ry Co v Wendt, supra, pp 204, 205:** (referring to rule of last clear chance)

"The rule only applies where the fault of negligence of the plaintiff is the remote and the fault or negligence of the defendant is the proximate cause of the accident. It cannot possibly apply to the following hypothetical case: For example, let us assume that A and B, driving separate automobiles simultaneously approaching a crossing on converging streets or highways, are each guilty of concurring negligence in failing to observe the approach of the other's vehicle, when by the use of ordinary care each driver, 'could have seen' or 'ought to have seen' the other's approach. It is obvious that neither driver could recover under the rule of last clear opportunity upon the theory that the other driver 'ought to have seen' him had he used ordinary care. For, if A could recover against B on any such premise, B could likewise recover from A—a situation producing a legal absurdity."

There is no evidence that the employes of the defendant knew of plaintiff's peril and wilfully caused the street car to strike her. It is only claimed they should have known, which makes only a case of failure to exercise the care which reasonably prudent persons would exercise under similar circumstances.

Issues involving lack of proper care by the employees of defendant and the plaintiff should have been presented to the jury.

The petition attempts to make last clear chance an issue. It is manifest from the allegations of the petition that it was predicated upon a false basis, that is, that plaintiff was upon the sidewalk when struck. The evidence wholly failed to justify any issue of last clear chance, and the court should have eliminated it wholly from the consideration of the jury.

The judgment will be reversed, and the cause remanded for a new trial.

HAMILTON, J, concurs.